## Kayla Hathcote

| | |
|---|---|
| **From:** | Elizabeth Allen <eallen@whe-law.com> |
| **Sent:** | Wednesday, May 20, 2026 4:59 PM |
| **To:** | carson@ned.uscourts.gov |
| **Cc:** | abarry@clinewilliams.com; mhasley@clinewilliams.com; bschatz_whe-law.com; tthalken@fraserstryker.com |
| **Subject:** | Case 8:25-cv-00577-JFB-RCC McGlone et al v. Sergeants Pet Care Products, LLC et al; Discovery Dispute |
| **Attachments:** | Defendants' Answers to Plaintiffs' Amended Interrogatories 3-6-26.pdf; Defendants' Responses to Plaintiffs' Amended Requests for Production of Documents 3-6-26.pdf; Updated Subpoena of Production Larry Nouvel (April 2026).pdf |

CAUTION - EXTERNAL:

Dear Honorable Judge Carson,

Pursuant to the Court's instructions, Plaintiffs John McGlone and McGlone Enterprises, Inc. ("McGlone") respectfully submit this statement summarizing McGlone's position on outstanding discovery disputes.  In short, throughout this entire matter, Defendants have resisted any and all discovery relating to third-party Mr. Larry Nouvel ("Nouvel"), despite the fact that the discovery is directly relevant to McGlone's claims for breach of contract, audit, and tortious interference.

ISSUE 1:  With respect to the reissued subpoena to Nouvel (attached), there are three claims in this matter and the very narrow six topics of documents sought from Nouvel are relevant to each claim.  The first two claims are for breach of an Independent Contractor Agreement ("the Agreement") by Defendants and a demand for an audit of Defendants' records.  Defendants breached the Agreement by (1) failing to pay McGlone royalties and (2) refusing to allow McGlone to conduct an audit relating to royalty payments. (See Dkt. 41, and Counts I and II).  Directly relevant to the breach of contract claim, Nouvel has in his possession documents identifying products, through their specific pheromone formulations, that should have been royalty bearing to McGlone by the terms of the Agreement.  Yet, Defendants have not paid McGlone royalties for them.  In like manner, Nouvel also has in his possession documents demonstrating that an audit of Defendants' records will reveal inaccuracies, including documents that identify products that should have been but were not the subject of past royalty payments.  McGlone's third claim is that Defendants tortiously interfered with a business relationship between McGlone and Nouvel. McGlone had a business relationship with Nouvel whereby Nouvel paid royalties to McGlone for certain products sold by or through Nouvel. (Dkt. 41, at ¶ 63).  That is, Nouvel paid royalties to McGlone because he, like Defendants, knew that certain products resulted from McGlone's efforts and were therefore royalty bearing to McGlone.  Defendants instructed Nouvel to stop making royalty payments to McGlone. Id. at ¶ 65.  Defendants interfered in this way because if Nouvel had continued making royalty payments, it undermined Defendants' decision to not continue making royalty payments to McGlone pursuant to the Agreement with McGlone. Id.  Defendants also interfered in order to weaken McGlone's financial situation and in retaliation for McGlone having asserted that Defendants had breached the Agreement with McGlone. Id.  Thus, key issues in this case relating to the tortious interference claim include details regarding Nouvel's sales of dog and cat pheromones and dog and cat products incorporating pheromones, including to whom or from whom those sales are being

made, and Nouvel's associated revenue.  Such documents demonstrate the products that are the proper subject of royalty payments McGlone and the amounts McGlone would have received from Nouvel but for Defendants' interference.  Of course, only Nouvel has in his possession documents demonstrating Nouvel's product sales and revenue from such products.  The reissued subpoena to Nouvel is much narrower in scope, in terms of the number of topics and the subject matter of the requested documents, than the original subpoena.  And, any privilege claim by Defendants is meritless, because Nouvel is a third-party independent contractor, and the subpoena only seeks business documents.

ISSUE 2: Defendants refuse to produce documents in response to document requests and information in response to interrogatories, relating to Nouvel.  In light of the First Amended Complaint and the claim for tortious interference by Defendants with McGlone's business relationship with Nouvel, documents requested via Document Request Nos. 2-4, 14-23, and 69-71, and information requested via Interrogatory No. 4, to the extent that the documents and information relate to Nouvel and/or his business, are directly relevant.  The relevant Document Requests and Interrogatory are attached hereto, as instructed by the Court.

ISSUE 3: Defendants have withheld documents based on an unsupported claim of privilege set forth in a privilege log.  First, Defendants have withheld documents communicated with third-party Jefferies (an investment bank) and Bansk (a private equity group).  With regard to documents exchanged with third-party Jefferies, Defendants' privilege log does not support Defendants' position that any of the Jefferies documents were communicated under the supervision of counsel, or were either created or received by counsel. Indeed, Defendants admit that at least some of the Jefferies documents were not created or received by counsel.  And, communications with third-party investors are not privileged.  With regard to the documents exchanged with third-party Bansk, attorney communications with employees/partners in a private equity group are not privileged.  Second, McGlone has identified a number of documents listed in the privilege log with regard to which no attorney sent, received, or was copied on the communication.  Third, McGlone has identified a number of documents listed in the privilege log with regard to which no sender, recipient, or subject matter is identified.  And, none of these documents can be connected to a "Group ID" associated with any attorney.

Thank you for your consideration of these matters.
Brett

**Brett A. Schatz**
Partner

  

**Wood Herron & Evans LLP**
600 Vine Street | Suite 2800 | Cincinnati, OH 45202
tel: 513-241-2324 | dir: 513-707-0418 | m: 513-602-9291
whe-law.com



CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact

the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN McGLONE and McGLONE ENTERPRISES, INC., | Case No.  8:25-cv-00577 |
| Plaintiffs, | |
| vs. | **DEFENDANTS' ANSWERS TO PLAINTIFFS' AMENDED FIRST SET OF INTERROGATORIES** |
| SERGEANT'S PET CARE PRODUCTS, LLC, d/b/a PERRIGO ANIMAL HEALTH and PETIQ, INC., | |
| Defendants. | |

TO:   Plaintiffs, John McGlone and McGlone Enterprises, Inc., and their attorneys, Brett A. Schatz and Timothy J. Thalken

Defendants Sergeant's Pet Care Products, Inc., d/b/a Perrigo Animal Health ("Sergeant") and PetIQ, Inc., ("PetIQ"), (collectively referred to herein as, the "Defendants"), hereby submit the following objections and answers to Plaintiffs' Revised Set of Interrogatories, which Plaintiffs' counsel sent via email on February 10, 2026. Defendants have interpreted each interrogatory, when such interpretation is reasonable, as not seeking information that is privileged or protected by the attorney-client privilege or work product doctrine.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    Defendants object to the definitions and instructions contained in Plaintiffs' Interrogatories to the extent they impose requirements, obligations, and duties beyond those imposed by the Federal Rules of Civil Procedure.

1

2.    Defendants object to the definitions and instructions contained in Plaintiffs' Interrogatories as they impose requirements, obligations, and duties beyond those imposed by NECivR 33.1(b). The parties do not have a written agreement to amend, supplement, or omit the standard definitions, nor did Plaintiffs seek the court's leave for other or separate definitions.

3.    Defendants object to the definitions and instructions to the extent they seek discovery of matters protected from disclosure by the attorney-client privilege and work product doctrine.

### ANSWERS TO AMENDED INTERROGATORIES

*The interrogatories listed below and labeled Amended (Nos. 2, 3, 4, and 5) have been recited in conformance with the amendments made by counsel for Plaintiffs in his email dated February 10, 2026, attached hereto for reference as Exhibit A.*

**INTERROGATORY NO. 1:** Identify all facts and legal bases that you contend support Defendants' position that the Complaint fails to state a claim upon which relief can be granted, including but not limited to Defendants' position that payments to McGlone are not due following non-renewal of the Agreement, explain the manner in which each section of the Agreement supports Defendants' position, and explain the manner in which the replacement to Subsection (a) of Section 9 via the Third Amendment to Independent Contractor Agreement does not require ongoing payments to McGlone following non-renewal.

**ANSWER:** Defendants object to Interrogatory No. 1 on the grounds that it is premature and reserve the right to amend their answer. They further object on the grounds of proportionality, to the extent the interrogatory seeks identification of "all" factual and legal bases and "each" section of the Contract that may bear on the analysis. Subject to and without waiving this objection, Defendants state as follows:

The original Independent Contractor Agreement (the "Contract") provided for termination of the Contract but not non-renewal, and there was no provision for any promises in the Contract surviving termination or non-renewal. Section 4 of the Third Amendment to the Contract created a Renewal Term which was initially to expire on December 31, 2017, subject to successive one-year renewal terms, unless either party provided ninety (90) days prior written notice of nonrenewal. Section 4 also provided for termination of the agreement for cause in subsections 4(a)(i) & (ii). In the Third Amendment, the parties agreed that royalty obligations would continue in the case of a termination under subsection 4(a)(i), but not a termination under subsection 4(a)(ii). However, in the Third Amendment, the parties reached no agreement that royalty obligations would continue if either party chose not to renew the Contract, as opposed to termination. Thus, under the terms of the Third Amendment agreed to by the parties, no further royalties are due following non-renewal. On September 25, 2024, Sergeant's provided notice of nonrenewal to McGlone, effective December 31, 2024, with the result that all obligations under the Contract terminated on that date.

**AMENDED INTERROGATORY NO. 2:** Identify each Product, limited to dog and cat products containing pheromones, that existed on April 30, 2015, and for each such Product, identify whether such Product continues to be offered for sale or sold, when such product was no longer offered for sale or sold (if applicable).

**ANSWER:** Defendants will produce documents sufficient to identify all such Products pursuant to Fed. R. Civ. P. 33(d). See the documents Bates numbered Sergeant 25443, 746, 750, 751, 752, 753, 747, 748, 749, and 007.

**AMENDED INTERROGATORY NO. 3:** Identify each Product, limited to dog and cat products containing pheromones, that was offered for sale or sold for the first time after April 30, 2015, and for each such Product, identify whether such Product continues to be offered for sale or sold, when such Product was no longer offered for sale or sold (if applicable).

**ANSWER:** Defendants have produced documents sufficient to identify all such Products pursuant to Fed. R. Civ. P. 33(d). See the documents Bates numbered Sergeant 25443, 746, 750, 751, 752, 753, 747, 748, 749, and 007.

**AMENDED INTERROGATORY NO. 4:** Identify each and every contractual arrangement and agreement, including but not limited to all consulting, licensing, and royalty agreements, with any third party relating to pheromones for animals or animal products, limited to dog and cat products that contain pheromones, and identify documents sufficient to demonstrate such information.

4

**ANSWER:** Defendants object to Interrogatory No. 4 on the grounds that the information it seeks is not relevant to any claim or defense asserted in this action and not proportional to the needs of the case. It is, instead, a fishing expedition to ascertain whether there is factual support for a claim that has not been pleaded and for which no legal theory has been articulated, in the Complaint or elsewhere. The Complaint does not allege any breach of contract or other cause of action related to any contractual arrangement between Defendants and any third party or any alleged harm to Plaintiffs as the result of such an agreement, much less does it identify any language in the Contract that allegedly requires Defendants to pay make any payment to Plaintiffs based upon Defendants' grant of a license to any third party, as opposed to net sales of products by Defendants.

**AMENDED INTERROGATORY NO. 5:** For each and every royalty payment made to McGlone, identify each and every new product formulation developed pursuant to the Agreement relating to or resulting in each such royalty payment, identify the products incorporating each formulation, and identify documents sufficient to demonstrate [revenue and profit] information.

**ANSWER:** Defendants object to Amended Interrogatory No. 5, to the extent it seeks product formulations, on the grounds that product formulations are confidential and proprietary to Defendants and not relevant to the claims and defenses in this case, and that the request for such information is not proportional to the needs of discovery. Subject to and without waiving these objections, Defendants state as follows:

Defendants have produced documents that are sufficient to demonstrate revenue and profit information for all products with respect to which McGlone was paid royalties, on a product-by-product basis, together with documents sufficient to demonstrate revenue and profit information pursuant to Fed. R. Civ. P. 33(d). See the documents Bates numbered Sergeant 25443, 746, 750, 751, 752, 753, 747, 748, 749, and 007, which list all pheromone-containing products sold by Defendants that were the subject of research by McGlone. Defendants have also produced a table reflecting all products they have sold since 2015, so that Plaintiffs can confirm that Defendants have not sold any products developed pursuant to the Contract for which Plaintiffs have not been paid royalties. See the document Bates numbered Sergeant 25442. If Plaintiffs believe any product listed in this table contains pheromones developed by McGlone, Defendants invite a meet-and-confer to discuss whether additional discovery related to that specific product is appropriate.

DATED this 6th day of March 2026

SERGEANT'S PET CARE PRODUCTS, LLC,
d/b/a PERRIGO ANIMAL HEALTH, and
PETIQ, INC., Defendants

By:   s/ Madeline C. Hasley
      Andre R. Barry #22505
      Madeline C. Hasley #27870
      CLINE WILLIAMS WRIGHT
        JOHNSON & OLDFATHER, L.L.P.
      233 South 13th Street
      1900 US Bank Building
      Lincoln, NE 68508
      (402) 474-6900
      abarry@clinewilliams.com
      mhasley@clinewilliams.com

6

**VERIFICATION**

Julia Chuckovich, under penalty of perjury under the laws of the United State of America, states that she is Associate General Counsel for PetIQ, that the information contained in the foregoing Answers has been obtained from various sources, that she has read the foregoing Answers to Interrogatories, and that on knowledge, information and belief, she verifies the contents thereof to be true as she verily believes.

DocuSigned by:

*Julia Chuckovich*

7C2DBE36EF4D48C...

Julia Chuckovich

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2026, I served a true and correct copy of the foregoing via electronic mail to the following:

Brett A. Schatz
bschatz@whe-law.com

Timothy J. Thalken
tthalken@fraserstryker.com

s/ Madeline C. Hasley
Madeline C. Hasley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN McGLONE and McGLONE ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SERGEANT'S PET CARE PRODUCTS, LLC, d/b/a PERRIGO ANIMAL HEALTH and PETIQ, INC., <br><br> Defendants. | Case No.  8:25-cv-00577 <br><br><br> **DEFENDANTS' RESPONSES TO PLAINTIFFS' AMENDED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

TO:    Plaintiffs, John McGlone and McGlone Enterprises, Inc., and their attorneys, Brett A. Schatz and Timothy J. Thalken

Defendants Sergeant's Pet Care Products, Inc., d/b/a Perrigo Animal Health ("Sergeant") and PetIQ, Inc., ("PetIQ"), (collectively referred to herein as, the "Defendants"), hereby submit the following objections and responses to Plaintiffs' Amended First Set of Requests for Production of Documents. Defendants have interpreted each request, when such interpretation is reasonable, as not seeking information that is privileged or protected by the attorney-client privilege or work product doctrine.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    Defendants object to the definitions and instructions set forth in Plaintiffs' Requests for Production, to the extent they impose requirements, obligations, and duties beyond those imposed by the Federal Rules of Civil Procedure.

2.    Defendants object to the definitions and instructions set forth in Plaintiffs' Requests for Production to the extent they seek discovery of matters protected from disclosure by the attorney-client privilege and work product doctrine.

### RESPONSES TO AMENDED REQUESTS FOR PRODUCTION

*The requests for production listed below and labeled Amended Request have been recited in conformance with the amendments made by counsel for Plaintiffs in his email dated February 10, 2026, attached hereto for reference as Exhibit A.*

**DOCUMENT REQUEST NO. 1:** Produce all documents relating to or mentioning the Agreement (which by definition includes all amendments thereto), including but not limited to all drafts, internal correspondence relating thereto, and all documents relating to negotiations thereof.

**RESPONSE:** Defendants object to this request on the grounds of attorney-client privilege to the extent it seeks the production of communications protected by that privilege and on the grounds of the work-product doctrine to the extent it seeks documents prepared in anticipation of litigation. Defendants are withholding documents on this basis. Defendants further object to this request on the grounds that it is not proportional to the needs of discovery, to the extent it seeks the production of "all" described documents. Subject to these objections, Defendants will produce non-privileged documents in their possession responsive to this request sufficient to reflect the formation and amendment of the Agreement and all other responsive, non-privileged documents resulting from a reasonable search of Defendants' records.

2

**DOCUMENT REQUEST NO. 2:** Produce all documents relating to or mentioning Larry Nouvel, to the extent such documents relate to or mention pheromones for animals or animal products.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on the grounds that it seeks documents not relevant to any claim or defense and that it is not proportional to the needs of discovery. Mr. Nouvel is not a party to the lawsuit, and the Complaint does not allege any facts which mention Mr. Nouvel. Defendants further object to this request on the grounds of attorney-client privilege to the extent it seeks the production of communications protected by that privilege. Subject to and without waiver of these objections, Defendants will produce non-privileged documents resulting from a reasonable search of its records that mention Mr. Nouvel in relation to the development, marketing, or sale of products subject to the Agreement with Mr. McGlone and will withhold other documents relating to or mentioning Mr. Nouvel.

**DOCUMENT REQUEST NO. 3:** Produce all agreements with Larry Nouvel, to the extent such documents relate to or mention pheromones for animals or animal products.

**RESPONSE:** Defendants object to this request on the grounds that it seeks documents not relevant to any claim or defense and are withholding documents on that basis.

**DOCUMENT REQUEST NO. 4:** Produce all documents relating to the negotiation of any agreements with Larry Nouvel, to the extent such documents relate to or mention pheromones for animals or animal products.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense in this case and that it is not proportional to the needs of discovery and are withholding documents on that basis.

**DOCUMENT REQUEST NO. 5:** Produce all documents relating to or mentioning McGlone.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on the grounds that it seeks the production of documents protected by the attorney-client privilege and the work-product doctrine, to the extent it seeks communications protected by those privileges and documents prepared in anticipation of litigation. Defendants further object to this request on the grounds that it seeks information that is not relevant and highly confidential, to the extent it seeks the production of documents which incidentally mention Mr. McGlone but which relate to Defendants' marketing strategy with respect to products other than those at issue in this action, and which do not bear on the calculation of the percentage of net sales owed under the Agreement. Defendants further object to this request on the grounds that it is not proportional to the needs of discovery to the extent it seeks the production of "all" the described documents, not just those resulting from a reasonable search of Defendants' records. Subject to and without waiver of these objections, Defendants have conducted a reasonable search of their records for non-privileged documents responsive to this request and will produce all portions of such documents which relate to or mention Mr. McGlone.

**AMENDED DOCUMENT REQUEST NO. 6:** Produce documents sufficient to show all financial payments or compensation with respect to McGlone, including but not limited to all documents relating to royalty payments thereto.

**RESPONSE:** Defendants object to this Request to the extent it seeks the production of documents respecting payments before April 30, 2015, on the grounds that it is not relevant to the claims and defenses in this case. Defendants have or will produce responsive documents with respect to payments after January 1, 2015.

**DOCUMENT REQUEST NO. 7:** Produce documents sufficient to demonstrate the manner in which all financial payments or compensation to McGlone were calculated or made, including but not limited to documents sufficient to demonstrate the determination or calculation of the amount of royalty payments.

**SUPPLEMENTAL RESPONSE**: Defendants object to this Request to the extent it seeks the production of documents respecting payments before April 30, 2015, on the grounds that it is not relevant to the claims and defenses in this case. Defendants have or will produce responsive documents with respect to payments after January 1, 2015.

**AMENDED DOCUMENT REQUEST NO. 8:** Produce documents sufficient to identify each Product, limited to dog and cat products that include pheromones, that existed on April 30, 2015, and the time period during which each such Product was offered for sale or sold.

5

**RESPONSE**: Defendants will produce documents responsive to this request.

**AMENDED DOCUMENT REQUEST NO. 9:** For each Product, limited to dog and cat products that include pheromones, that existed on April 30, 2015, produce documents sufficient to identify each invoice sale, discount, allowances, rebates, rejected goods brokerage, freight, and sales and excise taxes, from April 30, 2015 to present.

**RESPONSE**: Defendants will produce documents responsive to this request.

**AMENDED DOCUMENT REQUEST NO. 10:** Produce documents sufficient to identify each Product, limited to dog and cat products that include pheromones, that was offered for sale or sold for the first time after April 30, 2015, and the time period during which each such Product was offered for sale or sold.

**RESPONSE**: Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 11:** For each Product, limited to dog and cat products that include pheromones, that was offered for sale or sold for the first time after April 30, 2015, produce documents sufficient to identify each invoice sale, discount, allowances, rebates, rejected goods brokerage, freight, and sales and excise taxes, from April 30, 2015 to present.

**RESPONSE:** Defendants will produce documents responsive to this request with respect to products subject to the Agreement.

6

**DOCUMENT REQUEST NO. 12:** Produce all documents relating to or mentioning consideration or decision to discontinue payments to McGlone.

**RESPONSE:** Defendants object to this request on the grounds of attorney-client privilege, to the extent it seeks written communication between Defendants and their attorneys, and on the grounds of the work-product doctrine, to the extent it seeks the production of documents prepared in anticipation of litigation. Defendants are withholding documents on this basis. Defendants will produce all nonprivileged documents responsive to this request resulting from a reasonable search of its records.

**AMENDED DOCUMENT REQUEST NO. 13:** Produce documents sufficient to identify all patents and patent applications relating to dog and cat products that include pheromones owned or controlled at any time by Defendants.

**RESPONSE:** Defendants object to this request to the extent it seeks documents related to patents owned or controlled prior to April 30, 2015, on the grounds that it is not relevant to the claims or defenses in this action. Subject to and without waiving that objection, Defendants will produce documents sufficient to identify all patents and patent applications relating to dog and cat products that include pheromones that were owned by Defendants and in effect after April 30, 2015.

**AMENDED DOCUMENT REQUEST NO. 14:** Produce all documents mentioning Androstenone (A) to the extent they relate to pet products containing pheromones.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to the claims and defenses in this case and not proportional to the needs of discovery, to the extent it seeks "all" the described documents. Defendants further object to this request on the grounds of attorney-client privilege, to the extent it seeks the production of communications subject to that privilege, and under the work-product doctrine, to the extent it seeks the production of documents prepared in anticipation of litigation. Defendants further object to this request, on the grounds that it seeks documents that are highly confidential and not related to the claims and defenses in this case, to the extent it seeks the production of all portions of marketing materials that incidentally mention Androstenone and not just the portions of those materials that do so. Subject to and without waiver of these objections, Defendants state that they have conducted a reasonable search of their records for nonprivileged documents responsive to this request and will produce all portions of those documents which mention Androstenone (A) in relation to pet products containing pheromones.

**AMENDED DOCUMENT REQUEST NO. 15:** Produce all documents mentioning 2M2B (2methyl-2-butenal) to the extent they relate to pet products containing pheromones.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to the claims and defenses in this case and not proportional to the needs of discovery, to the extent it seeks "all" the described documents. Defendants further object to this request on the grounds of attorney-client

8

privilege, to the extent it seeks the production of written communications subject to that privilege, and under the work-product doctrine, to the extent it seeks the production of documents prepared in anticipation of litigation. Defendants further object to this request, on the grounds that it seeks documents that are highly confidential and not related to the claims and defenses in this case, to the extent it seeks the production of marketing materials that incidentally mention 2M2B but do not bear on the nonrenewal of the Agreement or the calculation of net sales due to Mr. McGlone under the Agreement. Subject to and without waiver of these objections, Defendants state that they have conducted a reasonable search of their records for nonprivileged documents responsive to this request and will produce all portions of those documents which mention 2M2B in relation to pet products containing pheromones.

**DOCUMENT REQUEST NO. 16:** Produce documents sufficient to identify any Products that contain Androstenone (A).

**SUPPLEMENTAL RESPONSE:** Defendants object to this request to the extent it seeks the production of documents with respect to products other than cat and dog products sold by Defendants, on the grounds that it is not relevant to the claims and defenses in this case. Subject to and without waiving those objections, Defendants will produce documents sufficient to identify all dog and cat products sold by Defendants that contain Androstenone (A).

**DOCUMENT REQUEST NO. 17:** Produce documents sufficient to identify any Products that contain 2M2B (2methyl-2-butenal).

**SUPPLEMENTAL RESPONSE:** Defendants object to this request to the extent it seeks the production of documents with respect to products other than cat and dog products sold by Defendants, on the grounds that it is not relevant to the claims and defenses in this case. Subject to and without waiving those objections, Defendants will produce documents sufficient to identify all dog and cat products sold by Defendants that contain 2M2B.

**DOCUMENT REQUEST NO. 18:** Produce documents sufficient to identify revenue, sales, and profits of any Products that contain Androstenone (A)

**SUPPLEMENTAL RESPONSE:** Defendants object to this request to the extent it seeks the production of documents with respect to products other than cat and dog products sold by Defendants, or products sold before April 30, 2015, on the grounds that it is not relevant to the claims and defenses in this case. Subject to and without waiving those objections, Defendants will produce responsive documents with respect to dog and cat products sold by Defendants and subject to the Agreement.

**DOCUMENT REQUEST NO. 19:** Produce documents sufficient to identify revenue, sales, and profits of any Products that contain 2M2B (2methyl-2-butenal).

**SUPPLEMENTAL RESPONSE:** Defendants object to this request to the extent it seeks the production of documents with respect to products other than cat and dog products sold by Defendants, or products sold before April 30, 2015, on the grounds that it is not relevant to the claims and defenses in this case. Subject to and without waiving those objections, Defendants will produce

10

responsive documents with respect to dog and cat products sold by Defendants after April 30, 2015.

**DOCUMENT REQUEST NO. 20:** Produce all agreements or drafts of agreements that relate to products that contain Androstenone (A).

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on the grounds that it seeks documents not related to any claim or defense in this case and that it is not proportional to the needs of discovery. Defendants further object to this request on the grounds of attorney-client privilege, to the extent it seeks the production of communications subject to that privilege. Defendants are withholding documents based on these objections. Subject to and without waiver of these objections, Defendants will produce all responsive documents related to Defendants' Agreement with Mr. McGlone.

**DOCUMENT REQUEST NO. 21:** Produce all agreements or drafts of agreements that relate to products that contain 2M2B (2methyl-2-butenal).

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on the grounds that it seeks documents not related to any claim or defense in this case and that it is not proportional to the needs of discovery. Defendants further object to this request on the grounds of attorney-client privilege, to the extent it seeks the production of communications subject to that privilege. Defendants are withholding documents based on these objections. Subject to and without waiver of these objections, Defendants will produce all responsive documents related to Defendants' Agreement with Mr. McGlone.

**DOCUMENT REQUEST NO. 22:** Produce documents sufficient to identify the development of any products that contain or are considered to contain Androstenone (A) or alternatives thereto, whether or not such product has been finalized or offered for sale.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense, to the extent it seeks the production of documents with respect to products that are not dog and cat products offered for sale by Defendants. Defendants will produce responsive documents with respect to products they sold on or after April 30, 2015.

**DOCUMENT REQUEST NO. 23:** Produce documents sufficient to identify the development of any products that contain or are considered to contain 2M2B (2methyl-2-butenal) or alternatives thereto, whether or not such product has been finalized or offered for sale.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense, to the extent it seeks the production of documents with respect to products that are not dog and cat products offered for sale by Defendants. Defendants further object to this request, on the grounds that it is unduly vague, to the extent to seeks documents related to "alternatives," without any effort to define what alternatives would be. Subject to and without waiver of these objections, Defendants will produce responsive documents with respect to products containing 2M2B which they sold on or after April 30, 2015.

12

**DOCUMENT REQUEST NO. 24:** For each Product, limited to dog and cat products that include pheromones, that existed on April 30, 2015, produce documents sufficient to identify the formula for each product, including but not limited to each component and chemical, and the amount of each component and chemical.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on the grounds that product formulas are confidential, proprietary, and not relevant to any claim or defense in this case. Defendants further object to this request on the grounds that it seeks documents not related to the claims or defenses in this case, and is not proportional to the needs of discovery, to the extent it seeks to define "product" as "any pet product including pheromones designed, offered for sale, or sold, by Defendants," not solely those developed pursuant to the Agreement which is the subject of this action, and to the extent it is not limited to "products" in existence after April 30, 2015. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 25:** For each Product, limited to dog and cat products that include pheromones, that was offered for sale or sold for the first time after April 30, 2015, produce documents sufficient to identify the formula for each product, including but not limited to each component and chemical, and the amount of each component and chemical.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on the grounds that the precise product formulas are confidential, proprietary, and not relevant to any claim or defense in this case. Defendants further object to this

13

request on the grounds that it seeks documents not related to the claims or defenses in this case, and is not proportional to the needs of discovery, to the extent it seeks to define "product" as "any pet product including pheromones designed, offered for sale, or sold, by Defendants," not solely those developed pursuant to the Agreement which is the subject of this action, and to the extent it is not limited to products in existence after April 30, 2015. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 26:** For each Product that existed on April 30, 2015, produce documents sufficient to identify the source of raw materials, the purchase of such raw materials, and the cost of such raw materials.

**RESPONSE:** Defendants object to this request on the grounds that it seeks confidential and proprietary information which is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 27:** For each Product that was offered for sale or sold for the first time after April 30, 2015, produce documents sufficient to identify the source of raw materials, the purchase of such raw materials, and the cost of such raw materials.

**RESPONSE:** Defendants object to this request on the grounds that it seeks confidential and proprietary information which is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

14

**DOCUMENT REQUEST NO. 28:** For each Product that existed on April 30, 2015, produce documents sufficient to identify the amount of each such product in stock or inventory from April 30, 2015 to present.

**RESPONSE:** Defendants object to this request on the grounds that it seeks confidential and proprietary information which is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 29:** For each Product that was offered for sale or sold for the first time after April 30, 2015, produce documents sufficient to identify the amount of each such product in stock or inventory from April 30, 2015 to present.

**RESPONSE:** Defendants object to this request on the grounds that it seeks documents which are confidential and proprietary and not relevant to any claim or defense and that it is not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 30:** Produce documents mentioning or relating to the inventors or inventorship of U.S. Patent No. 8,741,965.

**SUPPLEMENTAL RESPONSE:** Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 31:** Produce documents mentioning or relating to the expiration of U.S. Patent No. 8,741,965.

15

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**REQUEST NO. 32:** Produce documents sufficient to identify any patent resulting from U.S. Application No. 13/623,279.

**RESPONSE:** Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 33:** Produce documents mentioning or relating to the inventors or inventorship of any patent resulting from U.S. Application No. 13/623,279.

**RESPONSE:** Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 34:** Produce documents mentioning or relating to the expiration of any patent resulting from U.S. Application No. 13/623,279.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 35:** Produce documents sufficient to identify any patent resulting from U.S. Application No. 13/623,319.

**RESPONSE:** Defendants will produce documents responsive to this request.

16

**DOCUMENT REQUEST NO. 36:** Produce documents mentioning or relating to the inventors or inventorship of any patent resulting from U.S. Application No. 13/623,319.

**RESPONSE:** Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 37:** Produce documents mentioning or relating to the expiration of any patent resulting from U.S. Application No. 13/623,319.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and is not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 38:** Produce documents sufficient to identify each and every "Licensed Product," as that term is used in Defendants' April 27, 2015 letter to McGlone.

**SUPPLEMENTAL RESPONSE:** Defendants will produce documents responsive to this request. The letter referenced in this request identifies "Licensed Product."

**DOCUMENT REQUEST NO. 39:** Produce documents sufficient to identify each and every "Licensed Method," as that term is used in Defendants' April 27, 2015 letter to McGlone.

**RESPONSE:** Defendants will produce documents responsive to this request, if any. The letter referenced in this request identifies "Licensed Method."

17

**DOCUMENT REQUEST NO. 40:** For each "Licensed Product," as that term is used in Defendants' April 27, 2015 letter to McGlone, produce documents sufficient to identify each product, the formula for each product, including but not limited to each component and chemical, and the amount of each component and chemical.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 41:** Produce documents sufficient to identify any patent resulting from U.S. Application No. 14/826,948.

**RESPONSE:** Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 42:** Produce documents mentioning or relating to the inventors or inventorship of any patent resulting from U.S. Application No. 14/826,948.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 43:** Produce documents mentioning or relating to the expiration of any patent resulting from U.S. Application No. 14/826,948.

**RESPONSE:** Defendants object to this request on the grounds that it seeks documents which are not relevant to any claim or defense and is not

18

proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 44:** Produce documents sufficient to identify any patent resulting from U.S. Application No. 14/704,729.

**RESPONSE:** Defendants will produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 45:** Produce documents mentioning or relating to the inventors or inventorship of any patent resulting from U.S. Application No. 14/704,729.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 46:** Produce documents mentioning or relating to the expiration of any patent resulting from U.S. Application No. 14/704,729.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 47:** Produce documents sufficient to identify any patent resulting from U.S. Application No. 14/517,102.

**RESPONSE:** Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 48:** Produce documents mentioning or relating to the inventors or inventorship of any patent resulting from U.S. Application No. 14/517,102.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and is not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 49:** Produce documents mentioning or relating to the expiration of any patent resulting from U.S. Application No. 14/517,102.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and is not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 50:** Produce documents sufficient to identify any patent resulting from U.S. Application No. 15/707,604.

**RESPONSE:** Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 51:** Produce documents mentioning or relating to the inventors or inventorship of any patent resulting from U.S. Application No. 15/707,604.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

20

**DOCUMENT REQUEST NO. 52:** Produce documents mentioning or relating to the expiration of any patent resulting from U.S. Application No. 15/707,604.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and is not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 53:** Produce documents sufficient to identify any patent resulting from U.S. Provisional Application No. 61/536,673.

**RESPONSE:** Defendants will produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 54:** Produce documents mentioning or relating to the inventors or inventorship of any patent resulting from U.S. Provisional Application No. 61/536,673.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 55:** Produce documents mentioning or relating to the expiration of any patent resulting from U.S. Provisional Application No. 61/536,673.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

21

**DOCUMENT REQUEST NO. 56:** Produce documents sufficient to identify any patent resulting from U.S. Provisional Application No. 13/840,250.

**RESPONSE:** Defendants will produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 57:** Produce documents mentioning or relating to the inventors or inventorship of any patent resulting from U.S. Provisional Application No. 13/840,250.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 58:** Produce documents mentioning or relating to the expiration of any patent resulting from U.S. Provisional Application No. 13/840,250.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 59:** Produce documents sufficient to identify all products offered for sale or sold by Defendants that are or were at any time covered by a patent.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

22

**DOCUMENT REQUEST NO. 60:** Produce all marketing literature that identifies a product offered for sale or sold by Defendants as being covered by a patent.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 61:** Produce documents sufficient to identify all products offered for sale or sold by Defendants that practice or at any time practiced a patent.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 62:** Produce all marketing literature that identifies a product offered for sale or sold by Defendants as practicing a patent.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 63:** Produce documents sufficient to identify all products offered for sale or sold by Defendants that are kits, i.e., products that contain additional products or technologies.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 64:** Produce all testing of any pheromone formulation suggested or provided by McGlone.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 65:** Produce all testing of any pheromone composition suggested or provided by McGlone.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 66:** Produce all testing of any pheromone composition suggested or provided by McGlone.

**RESPONSE:** See Defendants' Response to Request No. 65.

**DOCUMENT REQUEST NO. 67:** For each royalty payment made to McGlone, produce documents sufficient to demonstrate the determination or calculation of the amount of each royalty payment.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on grounds of relevance to the extent it seeks the production of documents with respect to payments before April 30, 2015, but will produce responsive documents with respect to payments after that date.

**DOCUMENT REQUEST NO. 68:** For each Product for which Defendants made a royalty payment to McGlone, produce documents sufficient to

24

demonstrate the determination or calculation of the amount of each royalty payment, for each Product.

**RESPONSE:** See Defendants' Response to Request No. 67.

**DOCUMENT REQUEST NO. 69:** For each Product, produce documents sufficient to identify any compensation, financial benefit, or payments received by Defendants through any licensing arrangement.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery, particularly in light of the expansive definition of "product" proposed by Plaintiffs, which expands the scope of this request far beyond the products for which royalties are allegedly due under the Independent Contractor Agreement. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 70:** For each Product, produce documents sufficient to identify any compensation, financial benefit, or payments received by Defendants through any royalty arrangement.

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to the needs of discovery. Defendants are withholding documents based on these objections.

**DOCUMENT REQUEST NO. 71:** Produce all documents relating to or mentioning Larry Nouvel, to the extent such documents relate to or mention Products.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense and not proportional to

25

the needs of discovery. Defendants further object to this request on the grounds of attorney-client privilege to the extent it seeks communications subject to that privilege. Defendants are withholding documents based on these objections. Subject to and without wavier of these objections, Defendants will produce responsive documents to the extent they relate to dog and cat products that contain pheromones that were sold by Defendants and thus subject to the Agreement which is the subject of this action.

DATED this 6th day of March, 2026

> SERGEANT'S PET CARE PRODUCTS, LLC,
> d/b/a PERRIGO ANIMAL HEALTH, and
> PETIQ, INC., Defendants
>
> By:    s/ Madeline C. Hasley
>        Andre R. Barry #22505
>        Madeline C. Hasley #27870
>        CLINE WILLIAMS WRIGHT
>           JOHNSON & OLDFATHER, L.L.P.
>        233 South 13th Street
>        1900 US Bank Building
>        Lincoln, NE 68508
>        (402) 474-6900
>        abarry@clinewilliams.com
>        mhasley@clinewilliams.com

26

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2026, I served a true and correct copy of the foregoing via electronic mail to the following:

Brett A. Schatz
bschatz@whe-law.com

Timothy J. Thalken
tthalken@fraserstryker.com

s/ Madeline C. Hasley
Madeline C. Hasley

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Nebraska

| | |
|---|---|
| JOHN McGLONE and McGLONE ENTERPRISES, INC. | )<br>) |
| _Plaintiff_ | )<br>) Civil Action No.  8:25-cv-00577 |
| v.<br>SERGEANT'S PET CARE PRODUCTS, LLC, d/b/a<br>PERRIGO ANIMAL HEALTH and PETIQ, INC. | )<br>)<br>) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Nouvel Sales, LLC; LNouvel, Inc.; Larry Nouvel (via Jason Grams; jason.grams@grams.law)
4657 Courtyard Trail
Plano, TX 75024
_____
_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A - List of Documents to be Produced; See Exhibit B - Protective Order

| Place: Electronic Production to bschatz@whe-law.com | Date and Time:<br><br>05/22/2026 12:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/08/2026

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     John McGlone
and McGlone Enterprises, Inc._____ , who issues or requests this subpoena, are:
Brett A. Schatz, 600 Vine Street, Suite 2800, Cincinnati, Ohio 45202, (513) 241-2324, bschatz@whe-law.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:25-cv-00577

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A
### (Larry Nouvel Subpoena)

## DEFINITIONS

1. As used herein, the terms "Defendants" shall mean the Defendants named in this action.

2. As used herein, the terms "McGlone" and "Plaintiffs" shall mean Plaintiffs named in this action.

3. As used herein, the term "You" shall mean Larry Nouvel and any business operated or owned by Larry Nouvel, including but not limited to businesses associated with "Unruffled Pets."

4. As used herein, the term "Product" shall mean any pet product including pheromones designed, offered for sale, or sold, by Defendants.

5. As used herein, the terms "communicate," "communicated," or "communications" shall mean any act or instance of transferring, transmitting, sending, receiving, passing, delivering, or giving information in the form of facts, ideas, inquiries, or otherwise, by oral, written, electronic, or any other means, and specifically includes, among other things, emails, texts, and voice messages.

6. As used herein, the term "document" shall mean the original, all copies, and drafts of writings, papers, and printed or graphic material of any kind, including, without limitation, court papers, agency papers, employment records, financial records, log books, memoranda, reports, notes, messages (including, without limitation, reports, notes, and memoranda of telephone conversations and

conferences), text messages, tape recordings, film and/or audio or video tapes or recordings of any type, correspondence, announcements, minutes, electronic mail (i.e., e-mail), and any other form of electronic communications, computerized documents, documents on diskettes, newspapers, and calendar or diary entries. Designated documents are to be taken as including all attachments, enclosures, and other documents that relate or refer to such designated documents. The enumeration of various specific items as included within the definition of the word "document" shall not be taken to limit the generality of this word, and the Requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word, and specifically includes, among other things, emails, texts, and voice messages.

7.    As used herein, the terms "person" or "persons" shall mean individuals, companies, corporations, proprietorships, partnerships, firms, associations, joint ventures, banks, any government or governmental bodies, commissions, boards or agencies, and all other legal entities, and if appropriate or indicated, divisions, subsidiaries, or departments of corporations or other entities, and their principals, agents, representatives, officers, or employees

8.    As used herein, the term "identify," when used in reference to a natural person requests the following: (1) the person's name; (2) the person's present or last known business address and telephone number; and (3) the person's present or last known residential address and telephone number.

9. As used herein, the term "identify," when used in reference to an entity requests the following: (1) the entity's full name and all names under which it does business; (2) the entity's present or last known address and its principal place of business; and (3) the type of entity, e.g., corporation, partnership, etc.).

10. As used herein, the term "identify," when used in reference to a document requests the following: (1) the document's date; (2) the document's author, originator and any signatories; (3) the type of document, e.g., letter, memorandum, etc.; (4) the document's subject matter; (5) the document's addressees and all other persons receiving copies; and (6) the document's present custodians and location.

11. As used herein, the term "concerning" means relating to, referring to, reflecting, discussing, describing, evidencing, constituting, summarizing, or mentioning.

12. As used herein, the term "referring to" means concerning, regarding, discussing, relating to, supporting, proving, evidencing, describing, associated with, providing background for, explaining or contradicting.

13. As used herein, the term "relating to" means concerning, regarding, discussing, referring to, supporting, proving, evidencing, describing, associated with, providing background for, explaining or contradicting.

14. As used herein, the term "evidencing" means supporting, proving, describing, associated with, providing background for, explaining or contradicting.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.     From 1/1/21 to present, documents sufficient to identify all entities to whom or for whom You have sold, offered for sale, designed, consulted regarding, or assisted with the sale of, dog and cat pheromones and dog and cat products incorporating pheromones, and all related agreements and contracts and terms thereof.

2.     From 1/1/21 to present, documents sufficient to identify all revenue relating to or resulting from sales of, or licensing of, or consultation services relating to, dog and cat pheromones, dog and cat products incorporating pheromones, and formulations for dog and cat products.

3.     From 1/1/21 to present, documents sufficient to identify the formulation of all dog and cat pheromones or products incorporating pheromones for which You have provided consultation services, sold, or offered for sale, or assisted in designing.

4.     From 1/1/21 to present, all documents and things relating to both John McGlone or McGlone Enterprises, Inc. and pheromones, including but not limited to documents that mention or relate to John McGlone as an inventor of an invention, a patent or patent application, a dog or cat product, or method of using a pheromone.

5.     From 1/1/21 to present, documents sufficient to identify all products incorporating Androstenone (A) to the extent they relate to animals or animal products, and the formulation and all sales and offers for sale of same.

6.     From 1/1/21 to present, documents sufficient to identify all products incorporating 2M2B (2methyl-2-butenal) to the extent they relate to animals or animal products, and the formulation and all sales and offers for sale of same.

-4-

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN MCGLONE, and MCGLONE ENTERPRISES, INC.,<br><br><br>Plaintiffs,<br><br><br>vs.<br><br><br>SERGEANTS PET CARE PRODUCTS, LLC, and PETIQ, INC.,<br><br><br>Defendants. | **8:25CV577**<br><br><br><br><br>**PROTECTIVE ORDER** |

Upon consideration of the parties' joint request for entry of a Protective Order, (Filing No. 26), the Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1) **Definitions**. As used in this Order:

   a. Action refers to the above-captioned litigation.

   b. Discovery Material includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel, or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

   c. A Producing Party is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

d. A Receiving Party is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2) **Confidential Discovery Material.** This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:

a. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

b. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

d. Medical or mental health information;

e. Records restricted or prohibited from disclosure by statute; and

f. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

3) **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

c. If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

4) **Timing of Confidential Designation.**

a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "CONFIDENTIAL." After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

5) **Qualified Recipients.** For the purposes of this Protective Order, the persons authorized to receive Discovery Material designated as "CONFIDENTIAL" (hereinafter "Qualified Recipients") are:

a. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

b. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

c. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

d. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the confidential Discovery Material in confidence per the terms of

this Order, and provided that such persons may only be shown copies of confidential Discovery Material and may not retain any such material;

e. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the CONFIDENTIAL information, and the staff and assistants employed by the consulting or testifying experts;

f. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

g. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

h. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

i. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

j. Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

6) **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

a. Require Qualified Recipients who are non-expert witnesses or expert witnesses and consultants and who receive information designated as "CONFIDENTIAL" to review and agree to the terms of this Protective Order and execute a copy of the Agreement attached hereto as Appendix A before receiving confidential Discovery Material.

b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of the information designated as "CONFIDENTIAL" is prohibited as set forth herein.

c. Maintain a list of any confidential Discovery Material disclosed and to whom, along with the executed copies of the Appendix A Agreement.

The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

7) **Duty as to Designations**. Each Producing Party that designates information or items as CONFIDENTIAL must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and

4

designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

8) **Limitations on Use**. Confidential Discovery Material shall be used by the Receiving Party only to prepare for and conduct proceedings herein and not for any business or other purpose whatsoever.

9) **Maintaining Confidentiality.** Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

10) **Copies.** Discovery Material designated as "CONFIDENTIAL" shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the court. However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" under the terms of this Protective Order.

11) **Docket Filings.** All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain Discovery Material designated as "CONFIDENTIAL" shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

12) **Depositions.** The following procedures shall be followed at all depositions to protect the integrity of all Discovery Material designated as "CONFIDENTIAL":

    a. Only Qualified Recipients may be present at a deposition in which such information is disclosed or discussed.

    b. All deposition testimony which discloses or discusses information designated as "CONFIDENTIAL" is likewise deemed designated as "CONFIDENTIAL".

    c. Information designated as "CONFIDENTIAL" may be used at a nonparty deposition only if necessary to the testimony of the witness.

13) **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary and the information in dispute must be reviewed by the court to resolve that motion, the confidential information shall be filed under restricted access pursuant to the court's electronic docketing procedures. The party that produced the information designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

14) **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

15) **Return or Destruction of Documents.** Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL." The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

16) **Modification.** This Protective Order is entered without prejudice to the right of any party to ask the court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the court.

17) **Additional Parties to Litigation.** In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the court, its agreement to be fully bound by this Protective Order.

18) **Sanctions**.

   a. Any party subject to the obligations of this order who is determined by the court to have violated its terms may be subject to sanctions imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the court's inherent power.

   b. Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. Upon discovering that information was erroneously designated as CONFIDENTIAL, the Producing Party shall promptly notify all other Parties of the improper designation

19) **Inadvertent Disclosure of Protected Discovery Material**.

   a. A Producing Party that inadvertently fails to properly designate Discovery Material as "CONFIDENTIAL" shall have 14 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every Receiving Party.

   b. Any Receiving Party notified that confidential Discovery Material was received without the appropriate confidentiality designation as authorized under this order shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL" designation.

20) **Disclosure of Privileged or Work Product Discovery Material**.

   a. The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

   b. Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such produced documents or certify their destruction,

7

including all copies, within 14 days of receiving such a written request. The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

Dated this 11th day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Plaintiff, | **EXHIBIT A** |
| vs. | |
| Defendant. | |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

Click or tap to enter a date..

_____        _____
Printed Name                                                          Signature

9